UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON J. RUBIO,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY, *et al.*,<br><br>    Defendants. | Case No. C16-1269-JCC-JPD<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL |

This is a civil rights action brought under 42 U.S.C. § 1983.  This matter comes before the Court at the present time on plaintiff's third motion for appointment of counsel.  Plaintiff's first two motions for appointment of counsel were previously denied by the Court.  (*See* Dkts. 16, 19 and 21.)  Plaintiff now, once again, asks that counsel be appointed to represent him in this action. (Dkt. 27.)  Defendants oppose plaintiff's motion.  (Dkt. 28.)  The Court, having reviewed plaintiff's motion, defendants' response, and the balance of the record, hereby finds and ORDERS as follows:

    (1)    Plaintiff's third motion for appointment of counsel (Dkt. 27) is DENIED.  As plaintiff was previously advised, there is no right to have counsel appointed in cases brought

ORDER DENYING PLAINTIFF'S THIRD
MOTION FOR APPOINTMENT OF COUNSEL - 1

under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

Defendants correctly note in their response to plaintiff's motion that the instant motion differs little, if at all, from plaintiff's previous requests for appointment of counsel.  Plaintiff argues that he is unable to afford counsel, that his imprisonment will limit his ability to litigate this action because the issues involved are complex and will require significant research and investigation, and that counsel would be better able to present evidence and cross-examine witnesses at trial. The Court considered these same arguments in denying plaintiff's prior motions for appointment of counsel.

The only piece of new information plaintiff offers in the instant motion is that the Pro Bono Screening Committee has reviewed a motion for appointment of counsel filed by plaintiff in another pending civil rights action, *Rubio v. DeJesus*, C16-1307-JCC, and that the Screening Committee has recommended counsel be appointed in that case.  However, the fact that appointment of counsel may have been deemed appropriate in another case does not alter this Court's conclusion that plaintiff has not demonstrated that *this* case involves exceptional circumstances warranting appointment of counsel.  Plaintiff's third motion for appointment of counsel is therefore denied.

ORDER DENYING PLAINTIFF'S THIRD
MOTION FOR APPOINTMENT OF COUNSEL - 2

(2) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 22nd day of February, 2017.

*/s/ James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S THIRD
MOTION FOR APPOINTMENT OF COUNSEL - 3