UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

                Plaintiff,

   v.

KING COUNTY, *et al.*,

                Defendants.

Case No. C16-1269-JCC-JPD

ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE CASES AND GRANTING CONTINUANCE OF DEFENDANTS' SUMMARY JUDGMENT MOTION

This is a civil rights action brought under 42 U.S.C. § 1983. Currently pending before the Court are plaintiff's motion to consolidate cases and issue a new scheduling order (Dkt. 40), plaintiff's multiple motions to extend the pretrial deadlines (Dkts. 30, 31 and 43), and plaintiff's motion for appointment of counsel (Dkt. 42). Also pending are defendants' motion for summary judgment (Dkt. 34), and plaintiff's request to defer of deny the summary judgment motion under Fed. R. Civ. P. 56(d). The Court, having reviewed each of the pending motions, all briefing related to those motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion to consolidate cases and issue a new scheduling order (Dkt. 40) is DENIED. Plaintiff, through counsel, seeks to consolidate the instant action with another

pending case, *Rubio v. DeJesus*, C16-1307-JCC-BAT. Plaintiff argues that consolidation is appropriate because the cases were filed within a few days of each other and they involve the same plaintiff, similar allegations of medical mistreatment, similar defendants, and the same counsel for all defendants. (Dkt. 40 at 5.) Defendants oppose plaintiff's motion to consolidate.

Pursuant to Fed. R. Civ. P. 42(a), where actions before the court involve "a common question of law or fact" the court may consolidate the actions. This rule affords courts "broad discretion" to consolidate cases pending in the same district either on motion by a party or *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In deciding whether consolidation is appropriate, the Court considers a number of factors including "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *2 (W.D.Wash. Feb.6, 2014). Having considered these factors, this Court concludes that consolidation is not appropriate in this instance.

The operative complaint in this action is plaintiff's amended complaint filed on October 3, 2016. (*See* Dkt. 9.) Plaintiff alleges therein that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he contracted MRSA (Methicillin-resistant Staphylococcus aureus) after being housed with another inmate who had an active MRSA infection, and when the antibiotics prescribed to treat the infection were confiscated during a routine cell inspection thereby interfering with the directives of medical personnel and exacerbating plaintiff's medical condition. (*Id*. at 2.) The events relating to this claim occurred between approximately March 23, 2016 and April 21, 2016. (*See* Dkt. 45 at 2. *See also*, Dkt. 35

ORDER DENYING PLAINTIFF'S
MOTION TO CONSOLIDATE CASES
PAGE - 2

at 3-7.) Defendants in this action are King County and King County Corrections Officer Chan. (*See* Dkt. 9 at 2.)

The operative complaint in case C16-1307 is plaintiff's amended complaint filed on September 27, 2016. (C16-1307-JCC-BAT, Dkt. 9.) Plaintiff alleged therein that after sustaining an ankle injury during an altercation with other inmates on February 14, 2016, and receiving treatment at Harborview Medical Center, he was denied crutches or a brace upon his return to jail, resulting in pain and permanent damage to the ankle. (*Id*. at 2-3.) Plaintiff also alleged that on July 14, 2016, he was re-injured when King County Corrections Officer Arnel DeJesus zip-tied plaintiff's restraints to his aircast, causing him to trip twice and resulting in a renewed need for crutches. (*Id*. at 3.) Plaintiff's allegations regarding the adequacy of his follow-up care for his ankle injury were dismissed prior to service. (*See id*., Dkts. 10, 11.) Thus, the only claim remaining in case C16-1307 concerns the conduct of Officer DeJesus.

While plaintiff's two cases both relate to his incarceration at the King County Jail in 2016, and will require application of similar laws, the cases do not involve the same set of facts or the same parties. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (the "mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact"). As noted above, the instant action involves a discrete series of events which transpired over the course of approximately a month in March and April of 2016. Case C16-1307 involves, at this juncture, a single incident which occurred in July 2016 and concerns the conduct of a single individual, conduct which is wholly unrelated to the conduct underlying plaintiff's claims in this action.

ORDER DENYING PLAINTIFF'S
MOTION TO CONSOLIDATE CASES
PAGE - 3

Though, as defendants point out, there may have been some efficiency in consolidating parts of the discovery process given that plaintiff's jail medical records would have been discoverable in both cases, it appears that plaintiff's counsel is now in possession of those records and, thus, no additional benefit would be achieved by consolidating the cases at this time. Moreover, the instant action is in a more advanced procedural posture than case C16-1307. While a pretrial scheduling order has yet to be issued in the C16-1307 case, the pretrial deadlines established in this case have passed and a motion for summary judgment is now pending. Consolidation would inevitably result in a lengthy delay of the instant action, and with little resulting benefit.

The only apparent advantage to consolidating the two cases would be to allow plaintiff's counsel, who appeared in this action only recently, additional time get up to speed. However, the Court can manage such timing issues within the context of this case and without the significant delays and complications which would result from consolidation. For the foregoing reasons, plaintiff's motion to consolidate the instant action with C16-1307, and to issue a new scheduling order consistent with that case, is denied.

(2) Plaintiff's motions for an extension of the pretrial deadlines (Dkts. 30, 31 and 43) are DENIED. Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Defendants oppose plaintiff's motions, arguing that plaintiff has not demonstrated any diligence or otherwise established good cause for the requested modification of the pretrial deadlines. (*See* Dkt. 32 at 3.)

A Pretrial Scheduling Order was issued in this case on December 21, 2016. (Dkt. 22.) That Order established a discovery deadline of March 20, 2017, and a dispositive motion filing deadline of April 20, 2017. (*Id*.) On the same date, the Court issued an Order denying two motions for appointment of counsel which were filed by plaintiff in November 2016. (*See* Dkt. 21.) Plaintiff filed a third motion for appointment of counsel in January 2017, which was also denied. (*See* Dkt. 29.) On March 23, 2017, three days after the discovery deadline had passed, the Court received plaintiff's first request for an extension of the pretrial deadlines. (*See* Dkt. 30.) A week later, the Court received a second such request. (*See* Dkt. 31.) Plaintiff's third request for an extension of the pretrial deadlines was received on April 10, 2017. (Dkt. 43.) Plaintiff asserts in those motions that a corrections officer employed at the Washington Corrections Center ("WCC") threw away some of his legal materials and interfered with his ability to litigate this action. (*See* Dkt. 30 at 1-2; Dkt. 31, Dkt. 43 at 2.) Plaintiff also claims that the law library at WCC is out-of-date and that the Lexis/Nexis software is not user friendly. (*See* Dkt. 30 at 2.)

The question of whether plaintiff diligently pursued his claims prior to counsel appearing on his behalf in April 2017 is the subject of additional briefing relative to plaintiff's request to deny or defer defendants' pending summary judgment motion and will be discussed in more detail below. For purposes of plaintiff's *pro se* motions for modification of the pretrial schedule, it is sufficient to note that based on plaintiff's prior activity in this case, there appears no reason plaintiff could not have submitted a timely request to extend the pretrial deadlines, and it would be patently unfair to defendants to scrap the original pretrial schedule and begin anew at this late date.

ORDER DENYING PLAINTIFF'S
MOTION TO CONSOLIDATE CASES
PAGE - 5

(3) Plaintiff's fourth motion for appointment of counsel (Dkt. 42) is STRICKEN as moot given that counsel has now appeared on plaintiff's behalf.

(4) Plaintiff's request under Fed. R. Civ. P. 56(d) to deny defendants' pending summary judgment motion or to allow plaintiff additional time to conduct discovery (*see* Dkt. 47) is GRANTED in part.

Under Rule 56(d), when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a summary judgment motion] the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

Plaintiff's counsel acknowledges that no meaningful discovery was conducted in this case prior to April 25, 2017, when counsel for both parties met to discuss the exchange of discovery in this case and in case C16-1307. (Dkt. 47 at 7.) On that date, plaintiff's counsel apparently obtained records relating to plaintiff's medical care at times relevant to his claims in this action and some other, unspecified, discovery. (*Id.*) Plaintiff's counsel asserts that the materials obtained in late April were not uncovered earlier because plaintiff has not had adequate access to justice. (*Id.*) Counsel notes that plaintiff's multiple requests for pro bono counsel were denied. (*Id.*) Counsel further notes that plaintiff has alleged that some of his legal materials related to this case were discarded by a corrections officer at WCC, and that the same officer has attempted to thwart plaintiff's progress in pursing this case. (*Id.*) Plaintiff's counsel maintains

ORDER DENYING PLAINTIFF'S
MOTION TO CONSOLIDATE CASES
PAGE - 6

that despite plaintiff's best efforts, he has been unable to litigate this case due to matters outside his control. (Dkt. 47 at 7.)

Plaintiff's counsel argues that there are two areas which require additional discovery and depositions, and are essential to opposing defendants' summary judgment motion. Specifically, counsel argues that they expect to elicit, through discovery, evidence showing: (1) that plaintiff was housed with another inmate who had MRSA, and that plaintiff contracted MRSA as a result of their common housing; and, (2) that plaintiff was deprived of his antibiotic medication by defendant Chan and that his MRSA infection worsened as a result of that deprivation. (Dkt. 47 at 7-8.)

Defendants oppose plaintiff's request for additional time to conduct discovery, arguing that plaintiff has not been diligent in his pursuit of discovery, and that he has not demonstrated that additional time will likely produce the sought after discovery. (Dkt. 49 at 4-5.) Defendants maintain that the request for more time is based on speculation that plaintiff will obtain discovery that is favorable to him, rather than a reasonable pursuit of readily available information. (*Id*.) Defendants go on to explain in some detail why they believe it unlikely that additional time will produce the discovery plaintiff claims to be seeking. (*See id*. at 5-9.)

The record confirms that plaintiff, while proceeding *pro* se, was not diligent in pursuing discovery. Plaintiff initiated this action in August 2016, and the Court issued its Pretrial Scheduling Order in December 2016. In the many months that this action has been pending, plaintiff has made no effort to initiate any discovery. Plaintiff has, however, managed to file multiple motions with the Court, despite the alleged interference of corrections officials, and he appears to concede he has had access to a law library, albeit one which he deems deficient.

ORDER DENYING PLAINTIFF'S
MOTION TO CONSOLIDATE CASES
PAGE - 7

While plaintiff's counsel correctly points out that plaintiff's multiple motions for appointment of counsel were denied, the simple fact is that plaintiff made no showing that such an appointment was appropriate. The Court is not persuaded that plaintiff has been denied access to justice nor is the Court persuaded that plaintiff, through the exercise of reasonable diligence, could not have at least begun the discovery process prior to the appearance of counsel in April 2017.

The Court is nonetheless cognizant that regardless of how diligent plaintiff was or was not in his pursuit of discovery, counsel no doubt has a better grasp of what type of discovery is necessary in this action and how best to obtain it. The Court is also cognizant that defendants have litigated this action diligently and now face potential delays to resolution of this case, as well as additional expense related to extended discovery, if the Court grants plaintiff the requested continuance of defendants' summary judgment motion.

Based on the materials currently in the record, it would be a reasonable exercise of this Court's discretion to deny plaintiff's request for a continuance as the Court is not as optimistic as plaintiff's counsel that additional discovery will be fruitful in opposing defendants' summary judgment motion. However, the Court is reluctant to proceed to resolution of the pending summary judgment motion without giving plaintiff's counsel at least some opportunity to conduct discovery related to that motion. Accordingly, plaintiff is granted until ***Friday, June 30, 2017*** to conduct additional discovery in this matter, but such discovery shall be limited to matters necessary to oppose defendants' summary judgment motion.

(5) Defendants' motion for summary judgment (Dkt. 34) is RE-NOTED for consideration on ***July 28, 2017***.

ORDER DENYING PLAINTIFF'S
MOTION TO CONSOLIDATE CASES
PAGE - 8

(6) The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable John C. Coughenour.

DATED this 17th day of May, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTION TO CONSOLIDATE CASES
PAGE - 9